**IN THE COURT OF APPEALS OF IOWA**

No. 15-1915
Filed January 27, 2016

**IN THE INTEREST OF W.P. AND O.P.,**
**Minor Children,**

**B.P., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

A father appeals from the termination of his parental rights to his children.

**AFFIRMED.**

Michael A. Horn of Kuntz, Laughlin & Horn, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

Charles Fuson of the Youth Law Center, Des Moines, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

A father appeals from the termination of his parental rights to his children born in 2006 and 2009.[1] He asserts that termination of his parental rights was not in the children's best interests and that termination would be detrimental due to the closeness of the parent-child relationship. Reviewing his claims de novo, *see In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014), we affirm.

In determining whether parental rights should be terminated under Iowa Code chapter 232 (2015), the juvenile court "follows a three-step analysis." *See In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Step one requires the court to "determine if a ground for termination under section 232.116(1) has been established" by the State. *Id.* If the juvenile court finds grounds for termination, the court moves to the second step of the analysis: deciding if the grounds for termination should result in a termination of parental rights under the best-interest framework set out in section 232.116(2). *Id.* at 706-07. In making this determination, the primary considerations are the children's safety, their best placement for furthering their long-term nurturing and growth, and their physical, mental, and emotional conditions and needs. Iowa Code § 232.116(2). Even if the juvenile court finds "the statutory best-interest framework supports termination of parental rights," the court must proceed to the third and final step: considering "if any statutory exceptions set out in section 232.116(3) should serve to preclude termination of parental rights." *D.W.*, 791 N.W.2d at 707.

The juvenile court terminated the father's parental rights pursuant to section 232.116(1)(e) and (f). When the juvenile court terminates parental rights

---

[1] The children's mother is deceased.

on more than one ground, we may affirm the order on any ground we find supported by clear and convincing evidence in the record. *D.W.*, 791 N.W.2d at 707. The father concedes that his incarceration prevents the return of the children to his care at the present time and that his parental rights could be terminated pursuant to section 232.116(1)(f).

The father contends termination of his parental rights is not in the children's best interests because the children were not, at the time of the hearing, placed in a pre-adoptive home. On the issue of best interests, the juvenile court concluded:

> These children need a long-term commitment from a parent to be appropriately nurturing, supportive of their growth and development, and who can meet their physical, mental, emotional and safety needs. Unfortunately, [the father] has a long history of not being the parent these children need. It is not in the children's best interest to continue to wait in limbo for [the father] to demonstrate an ability or willingness to appropriately parent. These children deserve to have a safe, stable, drug-free home where their emotional and physical needs will consistently be met. . . . [W]hen a parent is incapable of changing to allow the children to return home, termination is necessary*. In re T.T.*, 541 N.W.2d 552, 557 (Iowa Ct. App. 1995). While these children are not currently placed in a pre-adoptive home, they have thrived in their current home and have shown the ability to attach to a family. They deserve an opportunity to have a permanent, stable, loving home, and there is no reason to believe that such a family will not be found for them.

Upon our de novo review of the record, we agree.

The father contends termination would be detrimental to the children due to the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). We have no doubt a bond exists between the father and his children, but our "consideration must center on whether the child[ren] will be disadvantaged by termination, and whether the disadvantage overcomes [the parent's] inability to

provide for [the children's] developing needs." *D.W.*, 791 N.W.2d at 709. The juvenile court concluded:

> These children are young; [the father] was only their primary care taker for one year of their lives, and their bond with [the father] would have naturally diminished due to lack of contact due to his incarceration. They are not placed with relatives and most importantly are able to attach and be adopted into a permanent home.

Upon our de novo review of the record, we find no clear and convincing evidence that termination would be detrimental to the children due to the parent-child bond. Termination of the father's parental rights without further delay is in the children's best interests, even if a bond exists.

Accordingly, we affirm the juvenile court's order terminating the father's parental rights.

**AFFIRMED.**